**Budiono BUDI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73814.

Agency No. A79–194–159.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Rena I. Curtis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Budiono Budi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have partial jurisdiction under 8 U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

■ We dismiss Budi's contention that he qualified for asylum by showing past persecution and/or a well-founded fear of persecution, because we lack jurisdiction to review the IJ's conclusions that Budi's application did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B) or demonstrate exceptional circumstances pursuant to § 1158(a)(3). *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We also lack jurisdiction to consider Budi's contention that Indonesian Christians are subject to a pattern or practice of persecution, as he did not exhaust this issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

Budi's due process and regulatory challenges to the BIA's streamlining of his case are foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852, 855 (9th Cir. 2003).

■ Reviewing the IJ's determination for substantial evidence, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), we conclude that Budi is not entitled to withholding of removal. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003)

("[W]e cannot conclude that the evidence compels a finding of a clear probability of future persecution."). "An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident." *Hakeem*, 273 F.3d at 817. Budi's similarly-situated brothers have lived undisturbed in Indonesia, and he has not shown that it is more likely than not that he would be persecuted if returned there.

Budi is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to Indonesia. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Budi's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.